# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RICHARD JORDAN, <br><br> Plaintiff, <br><br> v. <br><br> BP PETERMAN LAW GROUP LLC, <br><br> Defendant. | Case No. 18-CV-1621-JPS <br><br><br> **ORDER** |

On October 12, 2018, Plaintiff Richard Jordan filed a complaint alleging that Defendant BP Peterman Law Group, LLC violated his rights under the Fair Debt Collection Practices Act ("FDCPA") when it named him as an "unknown tenant" in a complaint to foreclose on his aunt's home, and twice attempted to serve him with the complaint. (Docket #1). Defendant filed a motion to dismiss the complaint on November 7, 2018 (Docket #7). The motion is fully briefed and, for the reasons stated below, it will be granted.[1]

**1.     LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b) provides for dismissal of complaints which, among other things, fail to state a viable claim for relief.

---

[1] The Court pauses to note that Plaintiff's counsel must improve his citations. *See e.g.*, (Docket #10 at 3, 4, 5). Uniform citation rules allow parties—and the Court—to efficiently access legal sources. The Court is mindful that occasional typos or inconsistencies are inevitable given the volume and frequency of material that attorneys write on a daily basis. However, it is unacceptable to habitually omit case reporter numbers, pin cites, and dates, all of which are necessary to locate the legal sources cited in support of Plaintiff's arguments. This issue has been observed in prior cases with the same attorney. Plaintiff's counsel is encouraged to secure a copy of the Bluebook and refer to it frequently.

Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the. . .claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level[.]" *Kubiak v. City of Chi.*, 810 F.3d 476, 480 (7th Cir. 2016) (citation omitted). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Id.* at 480–81.

2. **RELEVANT FACTS**

Plaintiff rents a residence from his aunt, Corina Zirk ("Zirk") at 1626 Nicolet Street, Janesville, Wisconsin, 53546 (the "Nicolet Street Property"). The mortgage on the Nicolet Street Property is serviced by Fay Servicing. Plaintiff does not have a lien or any ownership interest in the Nicolet Street Property other than his tenancy.

Defendant is a law firm that engages in collection activities on behalf of Fay Servicing. When Zirk defaulted on her mortgage, Fay Servicing enlisted Defendant to initiate foreclosure proceedings. Defendant brought a foreclosure lawsuit on behalf of Fay Servicing, in which it named Zirk and "unknown tenants" in the complaint. Defendant twice served a copy of the foreclosure summons and complaint on Plaintiff, and required Plaintiff to sign his name, and his girlfriend's name, on the receipt of service. At some point around this time (though the complaint does not specify when or how), Defendant affirmatively told Plaintiff that he was not involved in the foreclosure proceedings. Nevertheless, a result of signing his name to

accept service, Plaintiff's name appeared in the Wisconsin Circuit Court Access Program ("CCAP").

3. **ANALYSIS**

Defendant argues that the complaint must be dismissed for a host of reasons, including Plaintiff's lack of standing and failure to state a viable claim for relief. As part of the latter argument, Defendant contends that a violation of a Wisconsin statute does not automatically give rise to a violation of the FDCPA. The Court finds that Plaintiff has standing to sue under certain sections of the FDCPA. Nevertheless, Plaintiff has failed to allege a violation of the FDCPA, and so the action must be dismissed.

3.1 **FDCPA Allegations**

Defendant argues that Plaintiff lacks standing under all provisions of the FDCPA except 15 U.S.C. § 1692f because he is not a debtor, and, in any case, none of the activities alleged in the complaint constitute a violation of the FDCPA as a matter of law. Plaintiff argues that his claims are actionable under 15 U.S.C §§ 1692d, 1692e, 1692f, and maintains that he has sufficiently alleged facts that give rise to a cause of action under each of those subsections.

The FDCPA is, as its name suggests, intended to "eliminate abusive debt collection practices." 15 U.S.C. § 1692(e). It contains a number of subsections which regulate certain debt collection practices, three of which, Sections 1692d, 1692e, and 1692f, are at issue here. The Court must consider allegations of FDCPA violations from the vantage point of an unsophisticated consumer. *See Taylor v. Cavalry Inv., LLC*, 365 F.3d 572, 574 (7th Cir. 2004). An unsophisticated consumer "may be uninformed, naïve, [and] trusting, but is not a dimwit, has rudimentary knowledge about the financial world, and is capable of making basic logical deductions and

inferences[.]" *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012) (citations and quotations omitted). Additionally, "each provision of the FDCPA must be analyzed individually to determine who falls within the scope of its protection and thus to decide with respect to whom the provision can be violated." *Todd v. Collecto, Inc.*, 731 F.3d 734, 738 (7th Cir. 2013) (citation and quotations omitted). Defendant alleges two factual bases for his FDCPA claims; first, the two attempts at service, and second, the naming of "unknown tenants" on the foreclosure complaint in violation of Wisconsin state law.

### 3.1.1 Section 1692d

Section 1692d prevents debt collectors from engaging in any conduct that results in harassment, oppression, or abuse in the course of collecting a debt. 15 U.S.C. § 1692d. This section "is not a protection just for consumers but for *any* person mistreated by a debt collector." *Todd*, 731 F.3d at 737. Therefore, if Plaintiff was mistreated by a debt collector, then he would have standing to bring a claim under this section.

The activity that Plaintiff alleges does not rise to the level of harassment, oppression, or abuse. The following examples illustrate the type of conduct that violate Section 1692d: "use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person;" "use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader;" "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §§ 1692d(1),(2),(5). The examples provided demonstrate that making two attempts to serve a person does not rise to the level of harassment, oppression, or abuse.

Additionally, "[i]t is well established. . .that taking legal action to recover a debt does not, in and of itself, constitute harassment or deception." *Tripicchio v. Seterus, Inc.*, 2016 WL 7374273, at *4 (N.D. Ill. Dec. 20, 2016) (citing *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 330 (6th Cir. 2006)). Indeed, "[l]egal actions violate section 1692d only when they are frivolous, based on blatant lies, or misrepresent a key fact." *Id.* (citing *Eichman v. Mann Bracken, LLC*, 689 F. Supp. 2d 1094, 1100–01 (W.D. Wis. 2010)).

Here, Plaintiff alleges that Defendant filed a foreclosure action against Zirk, who had defaulted on her mortgage. (Docket #1 at 1). Plaintiff does not allege that this foreclosure action was improper, frivolous, or otherwise entrenched in lies. Plaintiff does not allege that Defendant misrepresented Plaintiff's involvement in or liability for the foreclosure lawsuit. All that Plaintiff alleges is that Defendant named "unknown tenants" in the lawsuit, twice attempted to serve Plaintiff, and informed Plaintiff, correctly, that he was not actually involved in the lawsuit or subject to any liability. These facts do not constitute harassment in violation of Section 1692d.

### 3.1.2  Section 1692e

Section 1692e prohibits falsity, deception, and misleading representations in the course of collecting a debt. 15 U.S.C. § 1692e. It is primarily intended to protect consumers, who are defined as "any natural person[s] obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3); *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 943 (7th Cir. 2011) (holding that, as a general matter, 1692e only extends "to others who can be said to stand in the consumer's shoes"); *but see Todd*, 731 F.3d at

738 (dicta leaving open the possibility that non-consumers could have standing to sue under Section 1692e).

Plaintiff has not alleged any kind of special relationship, or any other circumstances, that would suggest that he was in a position to be deceived or misled as to the collection of the debt. Indeed, he was affirmatively told that he was "not involved" in the foreclosure action. (Docket #1 ¶ 13). Therefore, he does not have standing to proceed under Section 1692e.

Even if he did fall under the protection of the statute, Plaintiff has not alleged that Defendant made false, deceptive, or misleading representations in connection with the debt collection efforts. Plaintiff was not named in the lawsuit. Plaintiff alleges that he was affirmatively told by the Defendant and Fay Servicing that he was not involved in the lawsuit. (Docket #1 ¶ 13). Plaintiff was served at the residence that was being foreclosed on, which, he alleges, made him believe he was somehow liable for the debt. However, in light of the fact that he was informed that he was not involved in the lawsuit, mere service of a foreclosure complaint at the subject property does not amount to deception. Essentially, Plaintiff was put on notice that he may have new landlords or would need to move—nothing more.

### 3.1.3  Section 1692f

Section 1692f is a "catch-all" provision that prohibits unfair and unconscionable debt collection practices. 15 U.S.C. § 1692f. "[A]nyone aggrieved by a debt collector's unfair or unconscionable collection practices can fall within the provision's zone of interest." *Todd*, 731 F.3d at 738; *Evory v. RJM Acquisitions Funding LLC*, 505 F.3d 769, 773 (7th Cir. 2007). However, Plaintiff must plausibly allege that the "debt collection practice. . .was unfair or unconscionable with *respect to him*." *Todd*, 731 F.3d at 739

(emphasis added). In *Todd*, the Seventh Circuit affirmed a dismissal where debt collectors called a debtor's son, disclosed the debt to him, but failed to request information to locate the debtor (thereby, according to that plaintiff, implying that he was somehow responsible for the debt). *Id.* at 736. The Court of Appeals determined that Plaintiff's allegations were "inadequate" to support a claim that he had been subjected to unfair or unconscionable collection practices because the debt collector "made no request for payment and no express or even implied threat of repercussions for Todd or his mother." *Id.* at 740.

The facts here are similar. Although Section 1692f's protections extend to Plaintiff, he has failed to allege facts that the collection practice—i.e., naming "unknown tenants" on the foreclosure complaint and attempting to serve him—constitute unfair practices *as to him*. *See Todd*, 731 F.3d at 739. This is particularly true because Defendant affirmatively told Plaintiff that he was not involved in the action. Although his name appeared on Wisconsin's CCAP in relation to the foreclosure action (i.e., because he signed a receipt of service), he was never named in the foreclosure complaint as a defendant. Defendant never requested money from Plaintiff or told him that he was responsible for any portion of the debt. To the contrary, Defendant affirmatively told Plaintiff that he was "not involved" in the action. (Docket #1 ¶ 13). These allegations fail to suggest unfair or unconscionable conduct.[2]

---

[2]Nothing in this Order is intended to foreclose Defendant's liability in relation to Zirk in the companion case, 17-cv-1622. There, Magistrate Judge David E. Jones observed that it was conceivable that notifying a debtor's tenants of a foreclosure action would result in harassment, oppression, or other potentially unfair collection practices as to the debtor. *Zirk v. B.P. Peterman Law Group LLC*, 17-cv-1622 (Docket #25 at 6). Magistrate Jones also speculated that "an

(emphasis added). In *Todd*, the Seventh Circuit affirmed a dismissal where debt collectors called a debtor's son, disclosed the debt to him, but failed to request information to locate the debtor (thereby, according to that plaintiff, implying that he was somehow responsible for the debt). *Id.* at 736. The Court of Appeals determined that Plaintiff's allegations were "inadequate" to support a claim that he had been subjected to unfair or unconscionable collection practices because the debt collector "made no request for payment and no express or even implied threat of repercussions for Todd or his mother." *Id.* at 740.

The facts here are similar. Although Section 1692f's protections extend to Plaintiff, he has failed to allege facts that the collection practice—i.e., naming "unknown tenants" on the foreclosure complaint and attempting to serve him—constitute unfair practices *as to him*. *See Todd*, 731 F.3d at 739. This is particularly true because Defendant affirmatively told Plaintiff that he was not involved in the action. Although his name appeared on Wisconsin's CCAP in relation to the foreclosure action (i.e., because he signed a receipt of service), he was never named in the foreclosure complaint as a defendant. Defendant never requested money from Plaintiff or told him that he was responsible for any portion of the debt. To the contrary, Defendant affirmatively told Plaintiff that he was "not involved" in the action. (Docket #1 ¶ 13). These allegations fail to suggest unfair or unconscionable conduct.[2]

---

[2]Nothing in this Order is intended to foreclose Defendant's liability in relation to Zirk in the companion case, 17-cv-1622. There, Magistrate Judge David E. Jones observed that it was conceivable that notifying a debtor's tenants of a foreclosure action would result in harassment, oppression, or other potentially unfair collection practices as to the debtor. *Zirk v. B.P. Peterman Law Group LLC*, 17-cv-1622 (Docket #25 at 6). Magistrate Jones also speculated that "an

### 3.2 Violation of Wisconsin Statute as Basis for FDCPA Claim

Plaintiff alleges a violation of a Wisconsin procedure statute serves as a basis for the FDCPA claims. Defendant argues that such a violation does not give rise to FDCPA liability. The Wisconsin statute in question provides that "[i]n an action for foreclosure of real property, the complaint may not name a tenant of residential real property as a defendant unless the tenant has a lien or ownership interest in the real property." Wis. Stat. § 802.03(9). Here, Defendant named "unknown tenants" in the foreclosure complaint, and attempted to serve Plaintiff at the Nicolet Street Property twice.

Generally speaking, "[t]he FDCPA is not an enforcement mechanism for matters governed elsewhere by state and federal law." *Bertrund v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 875 (7th Cir. 2015) (finding no FDCPA claim where the plaintiff essentially sought to enforce an arbitration provision in a credit card agreement) (citing *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 474 (7th Cir. 2015)). Nevertheless, a violation of state law can give rise to a cause of action under the FDCPA if "the underlying state-law violations [were] material to the viability of the debt collection efforts themselves [rather than] mere attacks

---

unsophisticated consumer could be materially misled into believing that her tenant was appropriately included in the foreclosure action." *Id.* The allegations in the instant complaint do not allow the Court to engage in such speculation, as Plaintiff alleged that he was affirmatively told he was not involved in the case. Plaintiff's girlfriend was also, apparently, required to sign for service of the foreclosure complaint, even though she is not alleged to be a tenant. Even the most unsophisticated of consumers must understand that accepting service of a complaint does not give rise to liability. Indeed, there is no allegation that Plaintiff's girlfriend believed that she would be liable for the foreclosure debt. The facts as alleged in the complaint are fatal to Plaintiff's claims.

on the form or clarity of the state pleadings as governed by state procedural rules." *Boerner v. LVNV Funding LLC*, 326 F. Supp. 3d 665, 683 (E.D. Wis. 2018).

Plaintiff's allegations that Defendant violated Wis. Stat. § 802.03(9), without more, do not give rise to a cause of action under the FDCPA. There are no allegations that Defendant had actually named Plaintiff in the foreclosure complaint. There are no allegations that Defendant named "unknown tenants" but failed to inform Plaintiff that the action did not involve him. As alleged, this minor statutory violation does not give rise to a claim under the FDCPA.

Moreover, it is not clear that Defendant actually violated the state statute. The Court has repeatedly noted that the foreclosure complaint does not actually name Plaintiff—indeed the only reason why Plaintiff's name appears in CCAP is because he signed a receipt of service. The foreclosure complaint named "unknown tenants," some of whom could have, theoretically, had a lien or ownership interest in the real property. It is, of course, good practice for parties to identify the people they are suing as early as possible, but it is not evident that by naming "unknown defendants," Defendant violated Wis. Stat. § 802.03(9). In any case, an FDCPA suit is not the appropriate vehicle for correcting a state court pleading or service issue.

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss (Docket #7) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of February, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge